## GAUDIER *v.* ESTATE OF GARCÍA.

### APPEAL from the District Court of Mayaguez.

No. 63.—Decided January 24, 1906.

COMPLAINT—CITATION TO ANSWER—SERVICE OF NOTICE WHEN DEFENDANTS ARE MINORS.—It is not sufficient that the citation to answer the complaint directed to several minors be served upon their guardian, as such a citation must be personally served upon each of the defendants, whether or not they are over fourteen years of age.

ID.—NEW CITATION.—Where the citation is returned without having been served upon all of the defendants, on the petition of the plaintiff, the secretary may issue a second citation the same as the first.

ID.—FAILURE TO CITE ANY OF THE DEFENDANTS—WANT OF JURISDICTION—JUDGMENT NULL.—Failure to cite any of the defendants to answer the complaint deprives the court of jurisdiction of all the parties to the action and renders the proceedings had and the judgment rendered therein null and void.

The facts are stated in the opinion.

*Mr. Vázquez* for appellant.

*Mr. Díaz Navarro* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On March 1st of last year Benito Gaudier y Texidor, a physician and surgeon, brought an action in the District Court of Mayaguez against the Estate of Diego García Saint Laurent for the recovery of $1,495, due as fees for professional services, with proper interest from the date of the filing of the complaint. He alleges as facts in said complaint that the said Estate consists of Antonio Cabassa, the widow of García Saint Laurent; four minor children had by her marriage with him, named Zulma, Consuelo, Oscar, and Jorge García Cabassa; four more legitimate children, also minors, had by the first marriage of García Saint Laurent with María Teresa Mangual y Delgádo, named Diego, José María, Carmen, and María Teresa García Mangual, of whom their maternal grandmother, Clotilde Delgádo, is the guardian; and two natural daughters of the said Diego García Saint Laurent, named Margarita and Rosario, who are of age. All of the defendants reside in said judicial district.

The secretary of the court issued the proper summons for the defendants on the second of the said month of March, and the return thereon reads as follows:

*"I hereby certify:* That I received this summons on March 2, 1905, at 5 p. m., and served it personally on March 3, 1905, on Antonia Cabassa and her minor children; on Clotilde Delgado, as the guardian of the García y Mangual minors; and on the 11th of the same month and year on Rosario and Margarita García, the defendants mentioned in said summons, delivering to said defendants and leaving in their personal possession, at their respective residences, a copy of said summons, and also a true and exact copy of the complaint in the action mentioned in the summons. Dated this 13th day of March, 1905.—Marshal; by Santiago Mercarder, deputy marshal.

"Sworn to before me this 13th day of March, 1905.—Franco Llavat, secretary."

The judgment entered on May 2d of last year reads as follows:

"On April 11, 1905, this cause was called to trial in its order. The plaintiff appears through his counsel, Attorney Alfredo Arnaldo, but the defendants, although duly summoned, did not appear, and their default was entered. The court, after hearing the evidence and allegations of the plaintiff, reserved judgment until to-day, May 2, 1905, and on this day holds that the law and the facts are in favor of the plaintiff, and therefore orders and decrees that the latter recover from the defendant Estate the sum of $1,495, with legal interest from the date of the filing of the complaint (March 1, 1905); that the defendants pay the costs, and that execution issue against the property of the defendants for the satisfaction of this judgment."

From this judgment Attorney Fernández Vázquez took an appeal on behalf of Margarita García and Clotilde Delgádo, guardian of the minors Diego, Carmen, María Teresa, and Oscar García y Mangual, alleging in the brief submitted to this court, the following grounds for the appeal.

"First. That section 92 of the Code of Civil Procedure has been violated in that Santiago Mercader, who served the summons, did not swear that he was over eighteen years of age and not a party to the action.

"Second. That the third paragraph of section 93 of said Code has also been violated in that the minors Diego, Carmen, María Teresa and José María García Mangual, under the guardianship of Clotilde Delgado, were not summoned in person, or the minors Zulma, Consuelo, Oscar, and Jorge García Cabassa, because, although it is said in the return that the children of Antonio Cabassa were summoned, the name of each of them is not stated.

"Third. That section 194 of said Code of Civil Procedure has also been violated because the name of each of the defendants, whose default was entered, does not appear.

"Fourth. That the genuineness of the account, the payment of which is sought by Benito Gaudier, has not been proved."

Examining the grounds of the appeal in relation to what the record shows, we note at once that according to the literal text of the affidavit of service of the summons Clotilde Delgádo was summoned to make answer to the complaint as the guardian of the García y Mangual minors, but it does not appear that these minors, namely, Diego, José María, Carmen, and María Teresa García y Mangual, were summoned; and such summons should have been served personally upon said minors, whether they were over fourteen years of age or not, in compliance with the provisions of the third and sixth paragraphs of section 93 of the Code of Civil Procedure.

As the summons was returned without having been served on all of the defendants, the secretary of the court should have issued, at the petition of the plaintiff, a second summons in the same form as the first one, as prescribed by section 90 of the said Code.

This was not done; and therefore the court of Mayaguez did not acquire jurisdiction of all the parties to the action, nor did it have control of all the subsequent proceedings. (Section 98 of the same Code.)

It matters not that the court states in its judgment that the defendants were duly summoned, because such due summons is not to be sought in the judgment, but in the affidavit of service of the summons.

It would be superfluous to examine the other grounds for the appeal, in view of the legal value of that discussed which voids the judgment rendered.

For the reasons stated, we understand that the judgment appealed from should be reversed, as well as all the proceedings prior thereto, from the return of the affidavit of service of the summons, with the costs against the respondent.

*Reversed.*

Chief Justice Quiñones, and Justice Figueras, MacLeary, and Wolf concurred.